PER CURIAM.
On January 9, 1967 Glenn E. Summers, Respondent, a member of The Florida Bar, filed with The Florida Bar, apparently pursuant to Rule 11.09 of the Integration Rule of The Florida Bar, 31 F.S.A., a petition to resign from The Florida Bar reading as follows:
“Please accept this letter as my petition to resign from the Florida Bar without leave to hereafter apply for reinstatement.
“There is now pending against me a complaint styled: The Florida Bar, Complainant vs. Glenn E. Summers, Respondent. There are no other disciplinary or criminal proceedings pending against the undersigned.”
In accordance with the request contained in said petition, the Board of Governors on January 31st entered its judgment, the pertinent portions of which are as follows:
“Upon consideration, the Board is of the opinion that the petition for resignation is in substantial compliance with said Rule and that it should be granted, pro *292 vided that it will be without leave for future reinstatement. Accordingly, it is
“ORDERED and ADJUDGED that the resignation of Glenn E. Summers from The Florida Bar be accepted, provided that it be without leave for future reinstatement.”
This judgment and the petition to resign were filed in this Court on February 7, 1967 for the entry of an appropriate judgment thereon.
In Application of Harper, 84 So.2d 700, 54 A.L.R.2d 1272 (Fla.1956), this Court in considering the question of the proceedings to be followed when a member of The Florida Bar desired to resign therefrom stated:
“We, therefore, conclude that an attorney at law duly admitted to practice in this State may resign and surrender up and have cancelled his franchise to engage in the practice of the profession but that the acceptance or rejection of such resignation or the terms and conditions which will be imposed on an acceptance, are matters resting within the discretion of this Court to be exercised in accordance with the general principles herein discussed. Before accepting such a resignation, it should be made to appear in a proper and competent manner not only that the public interest will not be adversely affected by such acceptance but also that the acceptance thereof will not adversely affect the purity of the courts nor hinder the administration of justice. When these facts are made to appear in a satisfactory manner, after competent investigation by this Court or its officers, there is no reasonable basis on which the refusal to accept such a resignation could be justified.”
Following the rendition of the opinion in this case, the present Integration Rule which includes Rule 11.09 was adopted. This Rule follows the language in Application of Harper and provides specifically that the petition for leave to resign “shall describe the charges made or under investigation for professional misconduct * * * and the status of pending investigations and proceedings.” The Rule further specifically provides:
“The Board of Governors shall consider the petition for leave to resign and the charges against the accused. If it has been shown by the petitioner in a proper and competent manner that the public interest will not be adversely affected by the granting of the petition, and that such will not adversely affect the purity of the courts nor hinder the administration of justice or the confidence of the public in the legal profession, the Board of Governors shall enter an appropriate judgment granting leave to resign; otherwise, the petition shall be denied. If the judgment grants to the petitioner leave to resign, the judgment may require that the resignation be subject to appropriate conditions. A copy of the judgment shall be furnished to the petitioner; and if the judgment grants leave to resign a certified copy thereof, together with the supporting record, shall be filed with the clerk of the Supreme Court. A judgment granting leave to resign shall become final and effective when approved by order of the Supreme Court.”
Under the Constitution this Court has the exclusive power to enter final orders or judgment in disciplinary proceedings or proceedings relative to applications to resign. It is, therefore, essential that a record prepared in accordance with the rules and the prior decision of this Court in Application of Harper, supra, be filed here in order that this Court may lawfully exercise its authority with reference to the matter then before it.
In view of the foregoing, this matter is referred back to the Board of Governors for further proceedings and the furnishing *293 of an appropriate record in accordance with the Rule.
It is so ordered.
ROBERTS, A. C. J., and DREW, O’CONNELL, CALDWELL and ERVIN, JJ., concur.